# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

BRENDON J. PRETTYMAN,          )
           )
      **Plaintiff,**          )
           )
**v.**           )      **Case No. 3:18-cv-00217**
           )      **Judge Campbell / Frensley**
**CORPORAL BRIAN EICHSTAEDT, et al.,**   )
           )
      **Defendants.**         )

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6) filed by Defendant Brian Eichstaedt, the only remaining Defendant in this action.

Docket No. 11.[1] Along with his Motion, Defendant Eichstaedt has contemporaneously filed a

supporting Memorandum of Law, arguing that the allegations of Plaintiff's Complaint fail to

state an official capacity claim against him such that this action should be dismissed. Docket No.

12.

Plaintiff has not responded to the instant Motion.

Plaintiff, in his Complaint, avers that Defendant Eichstaedt violated rights pursuant to 42

U.S.C. § 1983. Docket No. 1. Specifically, Plaintiff avers that Defendant Eichstaedt "made 2

very sexually in-depth comments toward" him, which Plaintiff reported to other officers. *Id.*

Plaintiff avers that the next morning, he woke up and his eyes were burning and he was sneezing.

---

[1] Plaintiff originally also sued Sergeant Nathan Pallak, Corporal James Hendry, and
Corporal David Bryant. *See* Docket No. 1. Judge Campbell, when conducting his frivolity
review, opined that Plaintiff's Complaint failed to state an equal protection claim against
Defendants Pallak, Hendry, and Bryant, and he terminated them as Defendants in this action. *See*
Docket Nos. 4, 5. Accordingly, Corporal Brian Eichstaedt is the only remaining Defendant in
this action.

*Id.* Plaintiff alleges that he was told by someone working in the K-Pod that Defendant Eichstaedt had entered Plaintiff's cell while Plaintiff was asleep and sprayed his chemical agent on Plaintiff's sheets, blankets, and jumpsuit and then exited Plaintiff's cell. *Id.* Plaintiff avers that Defendant Eichstaedt utilized excessive force against him that was in retaliation for Plaintiff reporting Defendant Eichstaedt's comments and was racial discrimination. *Id.* Plaintiff sues Defendant Eichstaedt in his official capacity, seeking an admission, an explanation, and an apology. *Id.*

As an initial matter, Defendant Eichstaedt, as a Corporal working at the Davidson County Sheriff's Office ("DCSO"), is an employee of Metropolitan Nashville and Davidson County ("Metro"). In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000), *citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id.*

Section 1983, however, does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In order for Metro to be held liable, therefore, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989). *See also, Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978)

(In order to find a governmental entity liable, Plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.). Plaintiff has failed to do so. Taking the allegations of Plaintiff's Complaint as true, which the Court must do at this juncture of the proceedings, Plaintiff has neither mentioned nor discussed any official Metro policy, practice, or custom, much less alleged that any official Metro policy, practice, or custom caused him constitutional injury. Absent such allegations, Plaintiff cannot sustain his official capacity claim, and this action should be dismissed.

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 11) be GRANTED and that Plaintiff's claims be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge

3