IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRENDON J. PRETTYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-00217 |
| | ) | Judge Campbell / Frensley |
| CORPORAL BRIAN EICHSTAEDT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Judge Campbell's Order entered on November 28, 2018, which provides:

> Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 13), recommending the Court grant Defendant Eichstaedt's Motion to Dismiss (Doc. No. 11). As of the date the Report and Recommendation was issued, Plaintiff had not filed a response to Defendant's Motion, as noted by the Magistrate Judge in the Report. Approximately ten days after the Report was issued, however, Plaintiff filed several pleadings (Doc. Nos. 14, 15, 16, 17), through which he represented he was unable to timely file a response to Defendant's Motion due to his limited access to the law library in the facility where he is housed.
> Given Plaintiff's filings, the Court **REMANDS** this case to the Magistrate Judge to consider whether Plaintiff's arguments and requests for relief affect his analysis and recommendation regarding Defendant's Motion.
> It is so **ORDERED.**

Docket No. 18.

Pursuant to Judge Campbell's Order, the undersigned has reviewed Plaintiff's submissions filed subsequent to the undersigned's issuance of the initial Report and Recommendation (Docket Nos. 14, 15, 16, 17, 18, and 20) and, for the reasons set forth below,

has determined that nothing in those submissions changes the undersigned's recommendation or the rationale therefor.

In his Objection to the Report and Recommendation, Plaintiff explains that he has "been incarcerated for 15 months," is indigent, and is only "able to order so many envelopes a month." Docket No. 15. Plaintiff further explains, "In respect to Defendants [*sic*] motion to dismiss, it should be noted that, I, the Plaintiff, have to educate myself on the appropriate motions relevant to this case, & due to the fact that I am only alotted [*sic*] 1 hour a week in the law library, it delays my ability to be able to file a responsive pleading in a quick manner." *Id.* Plaintiff notes that, along with his Objection, he has "enclosed a motion to add supplemental pleadings to this case to include adding The Metropolitan Government as a part of the official capacity claim I have alleged." *Id.*[1]

Plaintiff's "Motion to Add Supplemental Pleadings & Motion to have the Court Clerk Mail a Copy of the Original filed Amended Lawsuit re: Case No. 3:18-cv-00217" (Docket No. 14), states in its entirety as follows:

> I, Plaintiff, Brendon J. Pettyman, #567532, a "Metro DCSO" inmate or Jail detainee, respectfully moves to add supplemental pleading in order to sufficiently assist proper evidence to this case & set forth a proper official capacity claim. Defendant Eichstaedt, is indeed a corporal for The Davidson County Sheriff's Office, which automatically makes him an employee for the Metropolitan Nashville & Davidson County Government. Subsequently, I motion to have The Nashville & Davidson County Metro

---

[1] Plaintiff has additionally filed a "Motion to Subpeno [*sic*] Witnesses for Jury Trial (Docket No. 16); a "Motion for a Speedy Jury Trial" (Docket No. 17), a letter notifying the Court of his anticipated change of address in January 2019 (Docket No. 19), and a second "Motion to Subpeno [*sic*] Eye/Ear Witnesses Witnesses [*sic*]" (Docket No. 20). The contents of those filings do not impact whether Plaintiff's Complaint alleges that an official policy, practice, or custom caused him constitutional injury.

> Government added as a defendant to Case No. 3:18-cv-00217 for I, The Plaintiff, has set forth an official capacity claim against DCSO Corporal automatically including his employer, the Metro Government.
>
> This official capacity claim is furthermore meant to be against the Public Entity. I feel that I have been racially discriminated against by Defendant Eichstaedt, subsequently due to the fact that he shouldn't have been authorized back into the Pod I was housed in until the investigation of my PREA claim reached a verdict, & yet defendant Eichstaedt did & utilized excessive force to I, the Plaintiff. I, invite The Courts to Read the DCSO Policy, subsequently that should alleviate any question as to why CPL Eichstaedt came into my cell that evening and [illegible] to me at all. By DCSO Policy, if force is used, via hands on, or a chemical agent is used, a supervisor shall be notified & in the [illegible] be called on site to supervise the situation. Furthermore a handheld audio/video camera should be on for any use of force.
>
> Please note that in the [illegible], all inmates without a medical order to the Jailer shall be restrained through the cell doors pie flap before a door is opened for security reasons. If a door is opened w/o an OTJ a supervisor should be present & a camera on before the door is opened for security reasons.
>
> With the aforementioned, & based of [*sic*] Ex-Corporal Dustin Frankings testimony regarding this situation, it seems as if CPL Eichstaedt, Defendant to this case. If not racially, then definitely retaliatory, used unethical & unnecessary force on I, the Plaintiff, to get some unknown type of relief based off the comments made towards me when I filed a PREA Complaint against him.
>
> I ask that the Courts take the PREA Complaint from the alleged date & time & review the Report & the investigations results & review DCSO's Policy regarding the aforementioned & how PREAs are to be handled.

Docket No. 14.

As can be seen, liberally construing Plaintiff's responsive allegations, Plaintiff alleges that Defendant Eichstaedt personally violated DCSO policy. These allegations are insufficient to

sustain an official capacity claim. Accordingly, the undersigned renews his Recommendation that Defendant Eichstaedt's Motion to Dismiss be GRANTED.

Additionally, because the allegations of Plaintiff's submissions are insufficient to impose liability upon Metro Government, to the extent that Plaintiff's submission is a Motion to Amend his Complaint to add Metro Government as a Defendant in this matter, that Motion should be DENIED as futile.

For the reasons set forth above, the undersigned renews his recommendation that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge

4

Case 3:18-cv-00217   Document 21   Filed 12/05/18   Page 4 of 4 PageID #: 74